IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE VAN BERSCHOT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Now comes the Plaintiff, CHRISTINE VAN BERSCHOT, by her attorneys, DEBOFSKY SHERMAN CASCIARI REYNOLDS P.C., and complaining against the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, she states:

### *Jurisdiction and Venue*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans, which, in this case, consists of group long-term disability ("LTD") benefits.

2. This action may additionally be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

3. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. By Defendant's breach of the ERISA claims regulations, those

avenues of appeal have effectively been exhausted.

4. Venue is proper in the Northern District of Illinois pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) because Plaintiff resides in this District.

5. Venue is also proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this district.

### *The Parties*

6. The plaintiff, Christine Van Berschot ("Van Berschot" or "Plaintiff"), age 46 (born in 1975), is a resident of Orland Park, Cook County, Illinois.

7. The defendant, Life Insurance Company of North America ("LINA" or "Defendant"), was at all times relevant hereto doing business throughout the United States and within the Northern District of Illinois, and it delivered coverage to Plaintiff in the State of Illinois.

### *Nature of the Action*

8. This action is brought as a claim for benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Van Berschot seeks payment of LTD benefits due under an LTD group policy of insurance: group policy number FLK-9080031 ("Policy"), underwritten and administered by LINA for the benefit of employees of Quest Diagnostics, Inc. (a true and accurate copy of the Policy provided to Plaintiff and represented as the governing plan document is attached hereto as Exhibit "A").

9. At all times relevant hereto, the LTD Policy constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)); and incident to her employment with Quest Diagnostics, Van Berschot received coverage under the LTD Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

10. Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g), as well as all other remedies this Court sees fit to award.

### *Relevant LTD Policy Provisions*

11. The LTD Policy provides monthly disability income benefits for participants that meet the following "Definition of Disability/Disabled":

> The employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
> 2. unable to earn 60% or more of his or her Indexed Earnings.
>
> The Insurance Company will require proof of earnings and continued Disability.

Ex. A at 24.

### *Statement of Facts*

12. Immediately prior to ceasing work, Van Berschot was successfully employed as a group lead phlebotomist with Quest Diagnostics, an American clinical laboratory that provides diagnostic testing services.

13. Van Berschot suffers from a multitude of severe, disabling conditions, including but not limited to cervical spine impairments, shoulder impairments, fibromyalgia, headaches, and carpal tunnel syndrome.

14. On May 8, 2018, Van Berschot underwent right shoulder surgery in an attempt to correct her extensive shoulder limitations. She ceased working that same day; and she has not returned to work in any capacity since that date.

15. Upon her exhaustion of the maximum 26 weeks of short-term disability benefits, Van Berschot timely applied for LTD benefits under the Policy. LINA initially approved her claim and awarded LTD benefits in the amount of $2,133 per month effective November 20, 2018.

16. Despite the overwhelming medical evidence supporting her ongoing disability, on March 28, 2019, LINA terminated Van Berschot's claim for ongoing LTD benefits. LINA based that decision on a non-examining medical file review performed by Paul Seiferth, M.D., one of its own medical directors.

17. Van Berschot personally appealed LINA's termination of her LTD benefits on or around April 12, 2019. LINA upheld its termination of benefits on August 7, 2019. LINA based that decision on a non-examining medical file review performed by Paul Medrek, M.D., an occupational medicine physician.

18. On March 30, 2020, Van Berschot, with the assistance of counsel, submitted a second appeal of LINA's termination of benefits. Supporting evidence provided with her appeal included updated treatment records and opinion evidence from her treating doctors, all of which demonstrated her ongoing entitlement to LTD benefits.

19. On May 19, 2020, LINA reversed its decision and reinstated Van Berschot's LTD benefit claim effective March 28, 2019.

20. Despite the lack of any improvement in her ability to work, LINA once again terminated Van Berschot's LTD benefits on November 20, 2020 by letter dated December 11, 2020. LINA based its decision on the opinion of a non-examining orthopedic surgeon, Harry Steinman, M.D., and a transferable skills analysis conducted by one of its employees.

21. Van Berschot, with the assistance of counsel, appealed that adverse decision on June 22, 2021. Supporting evidence submitted with her appeal included updated treatment records, residual functional capacity questionnaires ("RFC") completed by her treating doctors, a report of the results of a functional capacity evaluation ("FCE"), and a vocational evaluation.

22. LINA acknowledged its receipt of Van Berschot's appeal submission on June 24, 2021. LINA also informed Van Berschot that it was in the process of reviewing her appeal on July 21, 2021.

23. On September 2, 2021, LINA informed Van Berschot that it had determined an adverse benefit decision on her claim was warranted. LINA based that decision on a medical file-only review conducted by Bryant Martin, M.D., an occupational medicine physician, as well as a transferable skills analysis conducted by one of its own employees. LINA also informed Van Berschot at that time that she could submit additional evidence for its consideration.

24. Through counsel, Van Berschot submitted additional evidence for LINA's review on September 30, 2021. The points raised in that correspondence, including the flaws contained within Dr. Martin's medical opinion and LINA's transferable skills analysis, further established Van Berschot's entitlement to LTD benefits.

25. As of the date of this filing, 114 days have passed since Van Berschot initially submitted her appeal on June 22, 2021. Therefore, this matter is ripe for judicial review.

26. To date, LINA has not finalized its adverse benefit decision. Nor has it indicated that it requires an extension beyond the 45 days within which it must render a decision pursuant to 29 C.F.R. §2560.503-1(i)(3)(i).

27. LINA's termination of Van Berschot's LTD benefits was and remains against the weight of the medical and vocational evidence, including the opinions of her treating doctors, as

5

well as the FCE results coupled with the vocational findings. LINA's decision to terminate LTD benefits was the product of biased claims handling and was the result of a conflict of interest rooted in unfounded and unsupported medical reviews performed by non-treating physicians and vocational analysts employed by and/or routinely contracted by LINA.

28. Van Berschot remains entitled to LTD benefits due since November 20, 2020 plus any interest that has accrued thereon; and she is also entitled to a declaration of rights that her benefits remain payable thereafter so long as she continues to meet the Policy's terms and conditions.

29. Van Berschot has effectively exhausted her administrative remedies based on LINA's failure to render a decision by its 45-day deadline pursuant to 29 C.F.R. §2560.503-1(i)(3)(i). *See also Fessenden v. Reliance Std. Life Ins. Co.*, 917 F.3d 988, 1000-01 (7th Cir. 2019).

### *Relief Sought*

WHEREFORE, Plaintiff prays for the following relief:

A. That the court enter judgment in Plaintiff's favor and against the Defendant and that the court order the Defendant to pay all accrued long-term disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled from November 20, 2020 to the present;

B. That the Court order the Defendant to pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

C. That the Court order Defendant to continue paying Plaintiff LTD benefits in an amount equal to the contractual amount of benefits to which she is entitled through the Policy's

Maximum Benefit Period, so long as she continues to meet the Policy's conditions for continuance of benefits;

  D. That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132(g); and

  E. That Plaintiff be awarded any and all other contractual and/or equitable relief to which she may be entitled, as well as the costs of suit.

Dated: October 14, 2021         Respectfully Submitted,

                /s/ *Matthew T. Maloney*
                *Attorney for Plaintiff*

                Matthew T. Maloney
                William T. Reynolds
                DeBofsky Sherman Casciari Reynolds, P.C.
                150 N. Wacker Dr., Suite 1925
                Chicago, IL 60606
                (312) 561-4040 (phone)
                (312) 929-0309 (fax)